UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **EBRON EDMONDS**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**BRADFORD SQUARE RETIREMENT COMMUNITY, LLC**, a Nebraska limited liability company,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No. 2:23-cv-636-JES-KCD**<br><br>**Judge: John E. Steele**<br><br>**Mag. Judge: Kyle C. Dudek** |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **EBRON EDMONDS** ("**EDMONDS**"), pursuant to Fed. R. Civ. P. 15, by and through undersigned counsel, and state the following for his Amended Complaint:

## CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act. ("FLSA") for (1) unpaid overtime, and (2) retaliation.

## PARTIES

2. The Plaintiff, **EBRON EDMONDS** ("**EDMONDS**" or "Plaintiff") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and worked for the Defendant in Lee County, Florida. At all

material times, **EDMONDS** was employed by the Defendant as a caretaker and was paid on an hourly basis. A great number of the customers **EDMONDS** served were residents of other states who visit Southwest Florida on only a seasonal basis. **EDMONDS** began the flow of interstate commerce for by, *inter alia*, by loading, unloading and utilizing goods and tools from out-of-state sources. **EDMONDS** performed work in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **EDMONDS** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **BRADFORD SQUARE RETIREMENT COMMUNITY, LLC** ("**BRADFORD**" or "Defendant") is a Nebraska limited liability company. **BRADFORD** has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **BRADFORD**'s employees are engaged in interstate commerce and their business model specifically involves interstate purchases and sending/receiving goods and funds from out-of-state sources. **BRADFORD** collects monies, much of which is from out-of-state financial institutions. **BRADFORD** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. **BRADFORD** supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of

payment for Plaintiff. **BRADFORD** maintains employment records of Plaintiff. **BRADFORD** was the employer of Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **EDMONDS** began his employment with the Defendant on or about October 16, 2022.

7. The Defendant owns and operates a community known as "Bradford Square" in Fort Myers, Florida.

8. **EDMONDS** was employed by the Defendant as a caretaker.

9. **EDMONDS** was paid approximately $17.50 per hour by the Defendant.

10. In the 3-years preceding this action, **EDMONDS** was required by the Defendant to work at least fifty (50) hours or more per week, and did so without proper overtime compensation.

11. When **EDMONDS** complained in mid-January 2023 about being forced to work overtime hours off-the-clock without proper compensation, the Defendant refused to pay him the overtime he was lawfully entitled to and terminated his employment on January 20, 2023.

12. The Defendant has violated the FLSA by failing to pay overtime wages to **EDMONDS** and by terminating his employment in retaliation for his demand for compliance with the FLSA.

**COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME**

13. The Plaintiff hereby incorporates Paragraphs 1-12 in this Count as though fully set forth herein.

14. Plaintiff was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendant.

15. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked in excess of 40 hours per week.

16. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation.

17. The Defendant was Plaintiff's employer and are liable for violations of the FLSA in this case.

18. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

19. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

20. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

21. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – FLSA RETALIATION

22. Plaintiff incorporates by reference Paragraphs 1-12 of this Complaint as though fully set forth below.

23. At all material times, **EDMONDS** was an employee and Defendant was his employer, and a covered employer under the FLSA.

24. **EDMONDS** believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendant was violating the FLSA by not paying him overtime wages.

25. Defendant was aware of **EDMONDS**'s objection to Defendant's violations of the FLSA.

26. Defendant subjected **EDMONDS** to adverse employment action by terminating **EDMONDS**.

27. Defendant, in subjecting **EDMONDS** to adverse employment action, retaliated and discriminated against him because of complaints, objections and concerns raised by him to Defendant.

28. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, **EDMONDS** has lost the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

29. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **EDMONDS** is entitled to all relief necessary to make him whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Liquidated damages;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiffs demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: December 13, 2023

**/s/ Benjamin H. Yormak**

Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

**s/ Benjamin H. Yormak**
Benjamin H. Yormak