UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EBRON EDMONDS,

    Plaintiff,

v.                                     Case No.:  2:23-cv-636-JES-KCD

BRADFORD SQUARE
RETIREMENT COMMUNITY,
LLC, A NEBRASKA LIMITED
LIABILITY COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Bradford Square Retirement Community, LLC's motion to compel discovery responses from pro se Plaintiff Ebron Edmonds. (Doc. 30.) Edmonds has not responded, and the time to do so passed, so the Court treats the motion as unopposed. *See* Local Rule 3.01(c).

Bradford Square served discovery on Edmonds (Doc. 30-2), and his answers were due by April 18 (Doc. 30-1). Neither responses nor objections were received. The Federal Rules provide that a party may move for an order compelling compliance in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A).

Bradford Square attempted to confer with Edmonds in a good-faith effort to resolve this dispute to no avail. (Doc. 34.) And now Edmonds failed to

respond to the pending motion, thereby waiving any objections. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011). Having received no response in opposition, the Court grants the motion to compel. (Doc. 30.) By the date provided below, Edmonds must serve full and complete responses to the outstanding discovery requests.

One final matter. Since at least March 25, 2024 (the date Edmonds last had counsel), neither Edmonds nor anyone acting on his behalf has contacted defense counsel about this case. This is despite counsel's repeated attempts to contact Edmonds. (*See* Docs. 30-1, 30-3, 30-5, 30-4, 34.) Edmonds' non-responsiveness shows a lack of interest in prosecuting this case. Thus, the Court will provide a deadline by which he must explain why he has ignored defense counsel and whether he intends to prosecute this case.

Accordingly, it is **ORDERED**:

1.      Defendant Bradford Square Retirement Community, LLC's motion to compel (Doc. 30) is **GRANTED**.[1]

---

[1] If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Defendant does not ask for its expenses. Nor has Defendant provided any documentation to issue such an award. Accordingly, the Court cannot order expenses at this time. *See, e.g., CMR Constr. & Roofing, LLC v. ASI Preferred Ins. Corp.*, No. 219CV442FTM29MRM, 2020 WL 9172016, at *3 (M.D. Fla. May 1, 2020).

2.     By **December 9, 2024**, Plaintiff Ebron Edmonds must answer the outstanding discovery.

3.     By **December 9, 2024**, Edmonds must also file a notice explaining why he has not been in contact with defense counsel and whether he intends to prosecute this case. **Failure to do so could result in a recommendation that this case be dismissed for failure to prosecute**.

**ENTERED** in Fort Myers, Florida, on November 25, 2024.

*[signature]*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record